UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOY DEGANI, M.D. and ) | |
| DANIEL LEVINTHAL, M.D., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:04-CV-398-PRC |
| ) | |
| THE COMMUNITY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) Plaintiffs' Motion for Summary Judgment on Defendant's Counterclaim [DE 104], filed by the Plaintiffs, Joy Degani, M.D. and Daniel Levinthal, M.D. ("Doctors"), on December 20, 2005, and (2) The Community Hospital's Motion to Strike [DE 124], filed by the Defendant, The Community Hospital ("Hospital"), on January 3, 2006.  For the following reasons, the Court grants the Plaintiffs' Motion for Summary Judgment and denies the Defendant's Motion to Strike.

**PROCEDURAL BACKGROUND**

On September 27, 2004, the Doctors filed a Complaint, alleging that the Hospital breached the Agreement for Anesthesia Services ("Agreement") entered into between each of the Doctors and the Hospital.  The Doctors demanded a trial by jury on October 1, 2004.

On October 6, 2004, the Hospital filed its Answer and an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. On October 7, 2004, District Court Judge Rudy Lozano entered an Order denying the Hospital's Motion for Temporary Restraining Order and Preliminary Injunction.

On November 1, 2004, the parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On November 29, 2004, the Hospital filed a Motion for Leave to File its First Amended Verified Counter-Claim and a Motion for Preliminary Injunction and Evidentiary Hearing. On December 1, 2004, the Court granted the Hospital's Motion for Leave to File the First Amended Verified Counter-Claim. The First Amended Verified Counter-Claim was filed by the Hospital the same day. On December 1, 2004, the Court also entered an Order granting the Hospital's Motion for Evidentiary Hearing and taking under advisement the Motion for Preliminary Injunction. The Court held a hearing on the Motion for Preliminary Injunction on December 15 and 17, 2004. On December 29, 2004, the Court entered an Order denying the Hospital's Motion for Preliminary Injunction.

On April 20, 2005, the Doctors filed a Motion for Partial Summary Judgment and the Hospital filed a Motion for Summary Judgment, a Statement of Designation of Materials, and a Statement of Material Facts. On October 12, 2005, the Court granted the Hospital's Motion for Summary Judgment and denied the Doctor's Motion for Partial Summary Judgment.

On December 20, 2005, the Doctors filed the instant Motion for Summary Judgment on Defendant's Counterclaim. The Hospital filed a Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment on December 29, 2005, and the Doctors filed a Reply Memorandum in Further Support of Plaintiffs' Motion for Summary Judgment on Defendant's Counterclaim on January 3, 2006.

On January 3, 2006, the Hospital filed a Motion to Strike, asking the Court to strike the Doctors' reply memorandum in support of summary judgment. The Doctors filed a Response on January 4, 2006.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may

support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443. When considering cross-motions for summary judgment, "our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made." *Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003) (citations and internal quotation marks omitted).

4

**FACTUAL BACKGROUND**

On June 1, 2000, the Hospital and Dr. Degani entered into an Agreement for Anesthesia Services ("Agreement") for Dr. Degani to provide anesthesiologist services for the Hospital, and on November 10, 2000, the Hospital and Dr. Levinthal entered into an identical Agreement for the purposes of this Order.

Paragraph 7.1 of the Agreements provides:

> Except for those activities listed in Exhibit 1.1(B) during the term of this Agreement, and continuing for one (1) year after the completion of this agreement, Physician covenants and agrees that Physician shall not provide to any entity or individual other than Hospital any services of the type described in this Agreement within twenty (20) miles of the Practice Site, in Indiana; provided that this restriction shall terminate upon the termination of this Agreement if (1) this Agreement terminates because Hospital elects not to renew; (2) this Agreement terminates pursuant to Section 4.6; or (3) this Agreement is terminated by Physician for breach thereof by Hospital. Physician and the Hospital acknowledge that this covenant has been bargained for by the parties and is a material part of the consideration for the execution of this Agreement by Hospital.  Physician agrees that Hospital shall be entitled to injunctive relief to enforce this covenant, except as provided in the following sentence.  Physician and Hospital agree that physician may make a lump sum payment to Hospital of an amount equal to the annual base compensation paid or payable to Physician in the year in which Physician's employment by Hospital is terminated in lieu of Hospital's right to injunctive relief, which sum shall constitute liquidated damages in full for violation of this covenant.

Def. Br., Exh. A.  Also contained within the Agreement is paragraph 11, entitled "Applicable Law," which provides that the Agreement "shall be subject to and governed by the laws of the State of Indiana."[1]

In its First Amended Verified Counterclaim, the Hospital seeks (1) declaratory judgment that the Doctors' employment contracts and covenants not to compete are valid and are in full force and

---

[1] All parties agree that Indiana law should be applied in determining the substantive outcome of this case.

effect; (2) a permanent injunction enjoining the Doctors from practicing anesthesiology within twenty miles of Community Hospital for a period of one year after the end of their employment; (3) damages in an amount equal to the Doctors' annual base salary of 2004 plus prejudgment interest; (4) additional monetary damages in an amount to be determined; and (5) such other and further relief as may be appropriate.

In the Doctors' answer to the Hospital's First Amended Verified Counterclaim, the Doctors denied the Hospital's allegation that the Doctors' written employment contracts require payment to the Hospital as liquidated damages an amount equal to their annual base compensation for breach of their restrictive covenants.

On December 7, 2005, at the Rule 30(b)(6) deposition of the Hospital's representative, the Hospital stipulated that it now seeks only those damages set forth in Section 7.1 of the Agreements, which is an amount equal to the Doctors' annual base salaries of 2004, plus prejudgment interest. Pl. Mot., Exh. B.

## ANALYSIS

### A.  Plaintiffs' Motion for Summary Judgment on Defendant's Counterclaim

The Doctors assert in their motion for summary judgment and supporting briefs that summary judgment should be granted against the Hospital on the Hospital's counterclaim since the Hospital is not entitled to recover liquidated damages under the terms of the Agreements, which now are the only damages the Hospital seeks. In support of their motion, the Doctors allege that paragraph 7.1 of the Agreements does not conform to the definition of a liquidated damages provision. The Doctors argue that the plain language of the Agreements affords *Doctors* the *option* of making a lump sum payment

to avoid the Hospital's right to seek injunctive relief.[2]   In its response brief, the Hospital argues that paragraph 7.1 of the Agreements contains an enforceable liquidated damages clause.[3]

In contract construction under Indiana law, the Court's primary purpose is "to ascertain and give effect to the parties' mutual intent" at the time they wrote the agreement. *Ecorp, Inc. v. Rooksby*, 746 N.E.2d 128, 131 (Ind. Ct. App. 2001) (citing *Hutchinson, Shockey, Erley & Co. v. Evansville-Vanderburgh County Bldg. Auth.*, 644 N.E.2d 1228, 1231 (Ind. 1994); *Kelly v. Smith*, 611 N.E.2d 118, 121 (Ind. 1993)). Provided no ambiguity exists, the terms of the contract are given their plain and ordinary meaning. *Id*. (citing *George Uzelac & Assocs., Inc. v. Guzik*, 663 N.E.2d 238, 240 (Ind. Ct. App. 1996)). When a contract is ambiguous solely because of the language used within, the Court decides its construction as a matter of law. *Id*. (citing *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1133 (Ind. 1995)). However, the Court "presume[s] that all provisions were included for a purpose" and "harmonizes all the various parts so that no provision is deemed to conflict with . . . any other provision," *Magee v. Garry-Magee*, 833 N.E.2d 1083, 1092 (Ind. Ct. App. 2005) (citing *George S. May Int'l Co. v. King*, 629 N.E.2d 257, 261 (Ind. Ct. App. 1994)), and so as not to render any part meaningless, *see Encorp*, 746 N.E.2d at 131 (citing *Guzik*, 663 N.E.2d at 240; *King*, 629 N.E.2d at 261). The Court does not ignore clear language contained within an agreement. *See Indiana Gaming Co., L.P. v. Blevins*, 724 N.E.2d 274, 278 (Ind. Ct. App. 2000); *Wright Motors, Inc. v. Marathon Oil Co.*, 631 N.E.2d 923, 926-27 (Ind. Ct. App. 1994).

---

[2]Alternatively, the Doctors assert that, even assuming that paragraph 7.1 allows the Hospital to seek an award of liquidated damages, any such award would be improper because actual damages are readily calculable. Based on the Court's holding that paragraph 7.1 does not contain a valid liquidated damages provision, the Court finds it unnecessary to address the merits of this alternative argument by the Doctors.

[3]The Hospital also argues that a challenge to the enforceability of a liquidated damages clause is an affirmative defense which the Doctors have waived. However, the cases cited by the Hospital in support of this argument discuss the burden of proof in the context of liquidated damages as "penalty clauses." As previously noted, the Court will not address the enforceability of the "liquidated damages" provision in paragraph 7.1.

Adhering to this plain meaning rule, the Court will not read terms into a contract that do not exist so as to alter the terms of a contract. *Kiltz v. Kiltz*, 708 N.E.2d 600, 604 (Ind. Ct. App. 1999); *W. Ohio Pizza, Inc. v. Clark Oil & Refining Corp.*, 704 N.E.2d 1086, 1091 (Ind. Ct. App. 1999), *trans. denied*. Inasmuch as the court will not read terms into a contract that do not exist, it also will not ignore the terms that do exist. *See Modern Photo Offset Supply v. Woodfield Group*, 663 N.E.2d 547, 550 (Ind. Ct. App. 1996), *trans. denied*; *Marathon*, 631 N.E.2d at 926-27. Moreover, the meaning of a contract is to be determined from an examination of all of its provisions, not from a consideration of individual words, phrases, or even paragraphs read in isolation. *See Dick Corp. v. Geiger, Calanog, & Lucas*, 783 N.E.2d 368, 374 (Ind. Ct. App. 2003), *trans. denied*.

An ambiguity exists only where "reasonable people could come to different conclusions about the contract's meaning." *Ecorp, Inc.*, 746 N.E.2d at 131 (citing *Ruff v. Charter Behavioral Health Sys. of Northwest Indiana, Inc.*, 699 N.E.2d 1171, 1176 (Ind. Ct. App. 1998)). In determining the intention of the parties, the Court only looks within the "four corners" of the contract; however, if an ambiguity exists, the Court can then consider extrinsic evidence. *Ruff*, 699 N.E.2d at 1176 (citing *McCae Mgmt. Corp. v. Merchants Nat'l Bank & Trust Co. of Indianapolis*, 553 N.E.2d 884, 887 (Ind. Ct. App. 1990), *Rieth-Riley Constr. Co. v. Auto-Owners Mut. Ins. Co.*, 408 N.E.2d 640, 645 (Ind. Ct. App. 1980)); *see also In re Boelson Trust*, 830 N.E.2d 37, 43 (Ind. Ct. App. 2005) (citing *East v. Estate of East*, 785 N.E.2d 597, 601 (Ind. Ct. App. 2003) (determining that, "[i]f an instrument is worded so that it can be definitely interpreted and its terms carried out by applying that language to the subject matter thereof without contradiction, then the instrument is unambiguous, and extrinsic evidence is inadmissible"). However, a contract is not ambiguous simply because it could have been written more clearly. *Baxter v. I.S.T.A. Ins. Trust*, 749 N.E.2d 47, 52 (Ind. Ct. App. 2001). Nor are the terms of a contract

considered ambiguous simply because the parties dispute their interpretations. *Ecorp*, 746 N.E.2d at 131.

In this case, paragraph 7.1 of the Agreements is clear and unambiguous such that the intent of the parties at the time the Agreements were signed is clear and the Court need not consider extrinsic evidence. Paragraph 7.1 provides, in part:

> Physician agrees that Hospital shall be entitled to injunctive relief to enforce this covenant, except as provided in the following sentence. Physician and Hospital agree that *physician may make a lump sum payment to Hospital* of an amount equal to the annual base compensation paid or payable to Physician in the year in which Physician's employment by Hospital is terminated *in lieu of Hospital's right to injunctive relief*, which sum shall constitute liquidated damages in full for violation of this covenant.

Def. Br., Exh. A (emphasis added). The Court finds that a plain reading of paragraph 7.1 demonstrates that the Agreements afford the Doctors, not the Hospital, the discretion to make a lump sum payment to the Hospital.

Although the Agreements characterize the lump sum payment as "liquidated damages," the Court finds this characterization to be improper under Indiana contract law. Interpretation of a contract provision cannot be controlled by erroneous labels, including the erroneous use of the term "liquidated damages," but instead a court must look through form to substance. *See Rogers v. Lockard,* 767 N.E.2d 982, 991 (Ind. App. 2002) (citing *Merrillville Conservancy Dist. v. Atlas Excavating, Inc.,* 764 N.E.2d 718, 724 (Ind. Ct. App. 2002)).

The term "liquidated damages" applies to a specific sum of money that has been expressly stipulated by the parties to a contract as the amount of damages to be recovered by one party for a breach of the agreement by the other, whether is exceeds or falls short of actual damages. *See Time Warner Enter't Co. v. Whiteman,* 802 N.E.2d 886, 893 (Ind. 2004). "A typical liquidated damages provision provides for the forfeiture of a stated sum of money upon breach without proof of damages."

9

*See Gershin v. Demming,* 685 N.E.2d 1125, 1127 (Ind. Ct. App. 1997). The liquidated damages provisions at issue in the cases cited by the Hospital provide for an *automatic* forfeiture of a stated sum of money upon breach by a party. In contrast, paragraph 7.1 gives the Doctors an *option* to make a lump sum payment in lieu of the Hospital's right to injunctive relief.

Counsel for the Hospital recently stipulated that the Hospital now seeks only those damages set forth in Section 7.1 of the Agreements, which is an amount equal to the Doctors' annual base salaries of 2004, plus prejudgment interest. Pl. Mot., Exh. B.[4] Therefore, the Court finds that the Hospital has waived or abandoned any right to seek remedies of declaratory judgment, permanent injunction, and any money damages other than liquidated damages. The Court further finds that the Hospital is not entitled to recover liquidated damages under paragraph 7.1 of the Agreements. Accordingly, the Hospital's counterclaim fails as a matter of law and the Doctors are entitled to summary judgment on that claim.

### B.  The Community Hospital's Motion to Strike

The Hospital asserts in its motion to strike that the Doctors' reply brief should be stricken because it attempts to make new arguments not raised in the Doctors' memorandum in support of their motion for summary judgment or in the Hospital's response brief in opposition to the motion. Alternatively, the Hospital argues that the Doctors' reply brief should be stricken because it is not

---

[4] The December 7, 2005 deposition transcript of John Gorski contains the following relevant statements by counsel for the Hospital:

> And we are stipulating, for purposes of this trial, this hearing, this whole Complaint. . .
> . . . .
> . . . that the hospital was seeking only those damages, okay, set forth in section 7.1 of the contract, plus prejudgment interest.
> . . . .
> So the record is absolutely clear, it is our stipulation that we are, to the extent we are limiting our damages, are limiting our damages to one year's salary each, plus prejudgment interest, as we believe set forth in 7.1.

Pl. Mot., Exh. B.

supported by caselaw and contains only summary argument. The Court finds that the Doctors' reply brief does not make new arguments, but rather further asserts the position taken by the Doctors in their motion for summary judgment.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Plaintiffs' Motion for Summary Judgment on Defendant's Counterclaim [DE 104] and **DENIES** The Community Hospital's Motion to Strike [DE 124].  The Court **REAFFIRMS** the Jury Trial Date of **January 9, 2006.**

SO ORDERED this 5th day of January, 2006.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record